UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| SHIRE FREE CHURCH MONADNOCK, IAN FREEMAN,<br><br>        Plaintiffs,<br><br>v.<br><br>SCOTT BAILEY, in his official capacity as Special Agent of the Federal Bureau of Investigation,<br><br>        Defendant, | Docket No.: 1:22-cv-100 |

## COMPLAINT

NOW COME your Plaintiffs, Free Shire Church Monadnock and Ian Freeman, by and through counsel, who complain against Defendant Scott Bailey as follows:

1. In 2016, agents of the federal government raided the Free Shire Church Monadnock and seized its computers, camcorders, and other items capable of storing digital data. After six years, the sum total of the government's efforts is *nothing*. Not a single criminal or civil action related to the seized property was

ever instituted. Now the owners of the property, the Shire Free Church Monadnock and its chairman, Ian Freeman, seek to finally recover what's theirs.

*Parties and Standing*

2. Plaintiff Shire Free Church Monadnock (the "Church") is a domestic nonprofit corporation registered with the State of New Hampshire. It has a principal office address of 73 & 75 Leverett Street in Keene, NH (the "Searched Premises") for which it holds legal title. At all relevant times, the Church maintains a possessory interest in the property found within the Searched Premises and seized by the Defendant as further explained below.

3. Plaintiff Ian Freeman ("Freeman") is the Chairman of the Board of Directors that governs the Church.

4. Defendant Scott Bailey ("Bailey") is and was at all relevant times a Special Agent with the Federal Bureau of Investigation ("FBI"). Bailey is subject to suit in his official capacity as the Plaintiff seeks prospective injunctive relief.

*Jurisdiction*

5. Both Counts in this suit invoke the Court's federal question jurisdiction under 28 U.S.C. § 1331 as they allege "civil actions arising under the Constitution[ or] laws… of the United States."

6. Further Jurisdiction for Count I, *infra*, arises under 28 U.S.C. § 1356 as it relates to a "seizure under any law of the United States on land or upon waters not within admiralty and maritime jurisdiction…."

7. Further Jurisdiction for Count II, *infra*, arises under 28 U.S.C. § 1346(a)(2) as this is a "civil action or claim against the United States, not exceeding $10,000 in amount, founded … upon the Constitution …."

*Facts*

8. On February 20, 2015, U.S. Magistrate Judge Theresa Buchanan of the Eastern District of Virginia issued a search warrant authorizing the use of a network investigative technique ("NIT") to be deployed on a computer server operating on the "Tor" network that was housed in a government facility in the Eastern District of Virginia. The NIT aimed to capture information from various "activating" computers in other jurisdictions.

9. At that time, Rule 41 did not authorize warrants to seize property outside of a judicial officer's geographical district.

10. On March 18, 2016, U.S. Magistrate Judge Daniel Lynch of the District of New Hampshire issued a search warrant authorizing a search of the Searched Premises, 73 Leverett Street in Keene, New Hampshire, and the seizure of its

contents, including computers, digital storage, and related records. This warrant was invalid insofar as it was based, in material part, on information gathered using the NIT from the February 20 warrant.

11. On March 20, 2016 Defendant Bailey executed the invalid warrant at the Searched Premises and seized, *inter alia*: hard drives, hard drive enclosures, thumb drives, memory cards, camcorders, cell phones, desktop computers, and laptop computers. The items are listed in the attached warrant return. *See* Exhibit 1.

12. The seized items were critical to the Plaintiffs' media efforts as they enabled the recording and storage of the Plaintiffs' programming. Some of the hard drives, for example, contain some of the only copies of archived radio broadcasts.

13. The FBI continues to possess the items despite the lack of any continuing investigation. No criminal proceeding has been instituted that relates to the property at issue. No government agency has instituted any civil or criminal proceedings seeking forfeiture of the items listed above. Thus, the FBI's continued possession of the items lacks any justification.

*Count I - Return of Property*

14. The preceding paragraphs are hereby incorporated in this Count as if set forth at length.

15. Rule 41(g) of the Federal Rules of Criminal Procedure permits a "person aggrieved by an unlawful search and seizure of property or by the deprivation of property" to move for the property's return. Where, as here, the property is not related to any criminal action, Rule 41 merely codifies the Plaintiff's equitable interest in the property's return.

16. The Church is and has been the owner of the Searched Premises and its contents. Freeman, as chairman of the Church has a fiduciary responsibility to safeguard its property. Each is "aggrieved" by the FBI's seizure and continued possession of their belongings.

17. The property should be returned as the seizure was unlawful. The FBI seized the property under the auspices of a warrant that was meaningfully supported by information gathered in reliance of a separate warrant that exceeded its permissible scope.

18. Nonetheless, the right to seek return of property applies to legally, as well as to illegally, seized property. *See Government of the Virgin Islands v. Edwards*,

903 F.2d 267, 273 (3d Cir. 1990) ("Under [a] 1989 amendment, Rule 41(e) is no longer limited to property held following an unlawful search or seizure"). As the FBI no longer has an interest in the property, its continued possession deprives the Plaintiffs' the monetary value of each item, as well the irreplaceable intrinsic value of the data stored within those items that can store it.

*Count II - Deprivation of Rights Protected by the U.S. Constitution*

19. The preceding paragraphs are hereby incorporated in this Count as if set forth at length.

20. At all times Scott Bailey and the FBI acted under the color of its authority provided by Federal law.

21. Scott Bailey and the FBI gained possession over the Plaintiffs' property by virtue of a defective warrant.

22. The execution of a deficient warrant and continued possession of its fruits constitutes an unreasonable seizure of effects in violation of the Fourth Amendment to the United States Constitution that continues until the FBI returns the items.

WHEREFORE, your Plaintiffs pray this this Honorable Court will:

A.    ORDER the Defendant to return the property listed in Exhibit 1;

B.    AWARD the Plaintiffs their attorney's fees and costs to the extent authorized by 28 U.S.C. § 2412 or any other source; and

C.    Grant such other and further relief as may be just and equitable.

Respectfully submitted,

SHIRE FREE CHURCH MONADNOCK
IAN FREEMAN
*through counsel*

Dated: 3/19/22

/s/ **Jared Bedrick, #20438**
CHAMPIONS LAW
170 West Road, Suite 6D
Portsmouth, NH 03801
(603) 436-8100
jared@champions.law