UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

_____

|  |  |  |
|---|---|---|
| | ) | |
| SHIRE FREE CHURCH MONADNOCK, | ) | |
| IAN FREEMAN, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No: 1:22:CV-100-SM |
| | ) | |
| SCOTT BAILEY, in his official capacity | ) | |
| As Special Agent of the Federal Bureau | ) | |
| Of Investigation, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

_____

## UNITED STATES' PROPOSED DISCOVERY PLAN

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and Local Rule 26.1, counsel for the United States attempted to initiate a Rule 26(f) planning meeting with respect to this matter.  On October 17, 2022, undersigned counsel sent counsel for Plaintiff a draft discovery plan via email.  On November 1, 2022, counsel for Plaintiff indicated by email that he believed this case could proceed on an expedited track.  However, in light of Plaintiff Ian Freeman's criminal trial scheduled to begin on December 6, 2022, undersigned counsel does not agree that this case can be ready for trial within six months.  Accordingly, the United States is submitting its proposed discovery plan, but cannot represent that this is a joint submission.

**COUNSEL REPRESENTING:**

Michael McCormack, Assistant U.S. Attorney, for Defendant United States of America.

Jared Joseph Bedrick, Attorney for Plaintiffs Shire Free Church Monadnock and Ian Freeman.

## CASE SUMMARY

**THEORY OF LIABILITY**:

Plaintiffs Shire Free Church Monadnock, a nonprofit corporation registered with the State of New Hampshire, and Ian Freeman, Chairman of the Board of Directors that governs the Shire Free Church Monadnock, seek return of certain property, i.e., hard drives, hard drive enclosures, thumb drives, memory Cards, camcorders, cell phones, desktop computers and laptop computers that were seized by agents of the federal government.  Plaintiffs also seek an award of attorney's fees and costs to the extent authorized by 28 USC Section 2412.

**THEORY OF DEFENSE:**

Defendant United States denies that any property was unlawfully seized from Plaintiffs. Additionally, Defendant alleges that Plaintiffs' requested forms of relief are not available to them or would require the United States to violate the law.

**DAMAGES:**

In their Complaint, Plaintiffs seek return of their property, attorney fees and costs.

**DEMAND:**

The United States suggests that the Plaintiffs should make a demand on or before June 14, 2023.

**OFFER**:

The United States will make an offer on or before July 14, 2023.

**JURISDICTIONAL QUESTIONS:**

The United States does not anticipate any jurisdictional questions at this time.

2

**QUESTIONS OF LAW:**

The United States does not anticipate any questions of law at this time.

**TYPE OF TRIAL:**

Bench.

## SCHEDULE

**TRACK ASSIGNMENT:**

The United States takes the position that this is a standard track case with the case ready for trial approximately 12 months after the November 15, 2023, preliminary pretrial conference.

**TRIAL DATE:**

The United States will be ready for trial during the two-week trial period beginning November 14, 2023.

**DISCLOSURE OF CLAIMS AGAINST UNNAMED PARTIES:**

If the United States claims that unnamed parties are at fault on a state law claim (see DeBenedetto v. CLD Consulting Engineers, Inc., 153 N.H. 793 (2006)), they will disclose the identity of every such party and the basis of the allegation of fault no later than March 14, 2023.

**AMENDMENT OF PLEADINGS:**

Plaintiffs:  The United States proposes that any amendment of Pleadings by Plaintiffs should be submitted by April 14, 2023.

Defendant:  Any amendment of the pleadings by the United States will be submitted by May 15, 2023.

**JOINDER OF ADDITIONAL PARTIES:**

Plaintiffs:  The United States proposes that if Plaintiffs intend to join any other parties, they do so by April 14, 2023.

Defendant:  The United States does not propose joining any additional parties.

**THIRD-PARTY ACTIONS:**

The United States does not anticipate any third-party actions.

**MOTIONS TO DISMISS:**

The United States proposes that motions to dismiss be filed by February 13, 2023.

**DISCLOSURE OF EXPERTS AND EXPERTS' WRITTEN REPORTS AND SUPPLEMENTATIONS:**

The United State proposes that expert witness disclosures required by Fed. R. Civ. P. 26(a)(2) will be made by Plaintiffs on May 15, 2023, and by Defendants on July 14, 2023.  The United States proposes that expert disclosures will comply with the requirements of Rule 26(a)(2).  Additionally, any demonstrative exhibits which will be used by the experts need not be produced until the time of the final pretrial statements.

The United States proposes that supplementation of all disclosures under Rule 26(e) shall be made as soon as reasonably possible upon discovery of the supplemental information, but no later than 30 days after discovery of the information.  Final supplementation will occur no later than the close of discovery.

4

**COMPLETION OF DISCOVERY**:

The United States proposes that discovery should close on September 18, 2023.

**MOTIONS FOR SUMMARY JUDGMENT:**

The United States proposes that motions for summary judgment should be filed by July 20, 2023.

**CHALLENGES TO EXPERT TESTIMONY:**

The United States proposes that any challenges to expert testimony be submitted by September 25, 2023.

## **DISCOVERY**

**DISCOVERY NEEDED:**

Plaintiffs' Discovery: It is anticipated that Plaintiffs' discovery will include Interrogatories, requests for production of documents, requests for admissions, and depositions regarding all aspects of their claims.

Defendant's Discovery:  Interrogatories, requests for production of documents, requests for admissions, and depositions regarding all aspects of Plaintiffs' claims.

**MANDATORY DISCLOSURES (Fed. R. Civ. P. 26(a)(1)):**

The United States proposes that the parties agree to waive mandatory disclosures in this matter.

**INTERROGATORIES:**

The United States proposes a limit of 25 interrogatories, including subparts, to a party with responses due 60 days after service.

**REQUESTS FOR ADMISSION:**

The United States proposes a maximum of 25 requests for admission to a party with responses due 30 days after service.

**DEPOSITIONS:**

The United States expects to use less than the presumptive limit of ten depositions of witnesses per party, not including expert depositions.  The United States also expects to complete all witness depositions within the presumptive limit of seven hours per witness.  The United States will attempt to modify these limitations by written stipulation without resort to the Court if circumstances unforeseen at this time reasonably require depositions beyond the presumptive limits.

**ELECTRONIC INFORMATION DISCLOSURES (Fed. R. Civ. P. 26(f)):**

The United States proposes that electronic discovery requests and responses will be limited to reasonably accessible data retained in a machine-readable format, and that it will be produced either in bates-stamped, hard copy or in .pdf format on cd-rom or dvd, in either instance with any required privilege log.  If, at any point during this litigation, any party seeks production of electronically-stored information in electronic format other than .pdf, the United States agrees to meet and confer in good faith regarding the scope of the requests and the costs and burden associated with producing that information.

The United States proposes that the parties agree to act in good faith to preserve potentially discoverable material, including electronically-stored information that is reasonably accessible.  If electronically-stored information is maintained in a system that is subject to automatic deletion, purging or overwriting, the party with control of that information need not maintain that information beyond the regularly scheduled deletion, purge or overwriting date

6

unless that party has knowledge that responsive information actually is contained in that system or unless the opposing party specifically requests it in writing.

**STIPULATION REGARDING CLAIMS OF PRIVILEGE:**

The United States proposes that the inadvertent disclosure of privileged information does not constitute a waiver and that, if notice of inadvertent disclosure is given pursuant to Fed. R. Civ. P. 26(b)(5), the party receiving the privileged information will promptly return the specified information together with any copies, and will not use or disclose the information for any purpose. To the extent the information has already been disclosed by the receiving party, the party shall take reasonable measures to retrieve the information or halt its further use or distribution. The United States proposes that if the parties are unable to agree on a claim of privilege, the issue may be submitted to the Court for resolution by proper motion.

## OTHER ITEMS

**SETTLEMENT POSSIBILITIES:**

The United States, in good faith, will explore the possibility of settlement when it is appropriate. The Unites States asserts that it is premature to assess the likelihood of settlement at this time.

**JOINT STATEMENT RE MEDIATION:**

The United States proposes that a joint statement regarding the suitability of this case for mediation shall be filed with the Court no later than July 24, 2023.

**TRIAL ESTIMATE:**

The United States estimates trial of this matter will take 1-2 days.

**WITNESSES AND EXHIBITS:**

The United States proposes that the pretrial disclosures required by Fed. R. Civ. P. 26(a)(3) should be made in the final pretrial statements submitted ten days before the final pretrial conference.

**FINAL PRETRIAL CONFERENCE:**

Given the parties' disagreement on the contents of this proposed Discovery Plan, and the appropriate trial track for this case, the United States asserts that the pretrial conference scheduled for November 15, 2022, at 2:00 p.m., is necessary.

**OTHER MATTERS:**

None at this time.

Respectfully submitted,

JANE E. YOUNG
United States Attorney

By: /s/ Michael McCormack
Michael McCormack
Assistant U.S. Attorney
NH Bar No. 16470
U.S. Attorney's Office
53 Pleasant Street, 4th Floor
Concord, NH 03301
(603) 225-1552
Michael.McCormack2@usdoj.gov

Dated:  November 8, 2022

8