UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| SHIRE FREE CHURCH MONADNOCK, IAN FREEMAN,<br><br>Plaintiffs,<br><br>v.<br><br>SCOTT BAILEY, in both his individual capacity and his official capacity as Special Agent of the Federal Bureau of Investigation,<br><br>Defendant, | 1:22:cv-100-SM |

**PLAINTIFF'S PROPOSED DISCOVERY PLAN**

NOW COME your Plaintiffs, Shire Free Church Monadnock and Ian Freeman, by and through counsel, who offer the following discovery plan:

*Introduction*

The Plaintiffs believe that this case warrants minimal court time as it raises a discrete issue with little factual complexity. The Plaintiffs seek the return of roughly 47 items taken by the FBI and never returned. The Government has agreed to return seven of the items, asserts that it has already released seven

other items, and has identified two as containing contraband. As to the items alleged to contain contraband, the Plaintiffs have authorized the Government to destroy them and is not seeking their return. Only the remaining 28 or so items remain at issue.

Counsel and Parties:

Jared Bedrick, Attorney for Plaintiffs Shire Free Church Monadnock and Ian Freeman.

Michael McCormack, Assistant U.S. Attorney, for Defendant United States of America.

*Case Summary*

Theory of Liability:

Plaintiffs Shire Free Church Monadnock, a nonprofit corporation registered with the State of New Hampshire, and Ian Freeman, Chairman of the Board of Directors that governs the Shire Free Church Monadnock, seek return of certain property, *i.e.*, hard drives, hard drive enclosures, thumb drives, memory Cards, camcorders, cell phones, desktop computers and laptop computers that were seized by agents of the federal government. Plaintiffs also seek an award of attorney's fees and costs to the extent authorized by 28 USC § 2412.

Theory of Defense:

Defendant United States denies that any property was unlawfully seized from Plaintiffs. Additionally, Defendant alleges that Plaintiffs' requested forms of relief are not available to them or would require the United States to violate the law.

Damages:

The Plaintiffs seek an equitable remedy—return of property—and the statutorily-authorized award of attorney's fees and costs of litigation.

Demand:

The Plaintiffs have already asked for the return of the property. It is the Plaintiffs position that a "demand," as such, has already been made.

Offer:

The Government has made an offer to return some of the items, but asserts that it is seeking to re-search others when it can obtain new warrants to do so.

Jurisdictional Questions:

The Plaintiff does not anticipate any questions of jurisdiction.

Questions of Law:

The Plaintiff anticipates two questions of law: (1) whether the seizure of the Plaintiffs' property unlawful; and (2) whether the property is subject to return regardless of the lawfulness of the initial seizure.

Type of Trial:

Bench.

*Schedule*

Track Assignment:

The Plaintiffs take the position that this is a case capable of quick dispatch and asks for it to be on an expedited track.

Trial Date:

The Plaintiffs seek a trial date in June 2022.

Disclosure of Claims Against Unnamed Parties:

The Plaintiffs request that any claims against unnamed parties be raised by December 15, 2022.

Amendment of Pleadings:

The Plaintiffs propose that any amendments to the Plaintiffs' pleadings occur by January 15, 2023 and the Government's pleadings by February 15, 2023.

Joinder of Additional Parties:

The Plaintiffs propose that any additional parties be joined by February 15, 2023.

Third-Party Actions:

The Plaintiffs do not anticipate any third-party actions.

Motions to Dismiss:

The Plaintiffs proposed that motions to dismiss be filed by December 15, 2022.

Disclosure of Experts and Experts' Written Reports and Supplementations:

The Plaintiffs do not anticipate any expert witnesses. However, should the United States seek to offer expert testimony, the Plaintiffs propose that it make the proper disclosure by January 15, 2023.

Completion of Discovery:

The Plaintiffs propose that discovery close by March 15, 2023.

Motions for Summary Judgment:

The Plaintiffs propose that motions for summary judgment be filed by March 15, 2022.

Challenges to Expert Testimony:

The Plaintiffs propose that challenges to expert testimony be made within 30 days of any disclosure.

*Discovery*

Discovery Needed:

The Plaintiffs anticipate engaging in the standard written discovery. Depositions seem unnecessary for this case.

Mandatory Disclosures:

The Plaintiffs propose that mandatory disclosures be completed by December 15, 2022.

Interrogatories:

The Plaintiffs propose the standard 25 interrogatories with responses due within 30 days.

Requests for Admission:

The Plaintiffs propose the standard 25 requests for admission to a party with responses due 30 days after service.

Depositions:

The Plaintiff does not anticipate any depositions.

Electronic Information Disclosures:

The Plaintiff agrees with the Government's proposition for disclosure and handling of electronic information.

Stipulation Regarding Claims of Privilege:

The Plaintiff agrees with the Government's proposition for a stipulation regarding claims of privilege.

*Other Items*

Settlement Prospects:

The Plaintiff has explored settlement in good faith and will continue to do so.

Joint Statement re: Mediation:

The Plaintiff proposes that a joint statement regarding the suitability of this case for mediation be filed no later than February 15, 2023.

Trial Estimate:

The Plaintiffs estimate this will trial will not take more than one day.

Witnesses and Exhibits:

The Plaintiffs propose that the pretrial disclosures required by Fed. R. Civ. P. 26(a)(3) should be made in the final pretrial statements submitted ten days before the final pretrial conference.

Preliminary Pretrial Conference:

Given the parties' disagreement on the contents of this proposed Discovery Plan, and the appropriate trial track for this case, the Plaintiffs agree that the pretrial conference scheduled for November 15, 2022, at 2:00 p.m., is necessary.

Other Matters:

The parties are not aware of any other matters requiring the Court's assistance at this time.

Respectfully submitted,

SHIRE FREE CHURCH MONADNOCK
IAN FREEMAN
*through counsel*

Dated:  11/9/22

/s/ **Jared Bedrick, #20438**
CHAMPIONS LAW
170 West Road, Suite 6D
Portsmouth, NH 03801
(603) 436-8100
jared@champions.law

*Certificate of Service*

I certify that this day a copy of this filing was served via the Court's ECF filing system upon counsel of record.

/s/ **Jared Bedrick** #**20438**