UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

|  |  |  |
|---|---|---|
| SHIRE FREE CHURCH MONADNOCK, IAN FREEMAN, | ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) ) | No: 1:22:CV-100-SM |
| SCOTT BAILEY, in his official capacity As Special Agent of the Federal Bureau Of Investigation, | ) ) ) ) ) | |
| Defendant. | ) ) | |

<u>MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS</u>

I.  <u>INTRODUCTION</u>.

On March 19, 2022, Plaintiffs filed this action seeking return of property seized from 73 Leverett Street, Keene, New Hampshire (the "Property"), on March 20, 2016.  DN 1.  All the seized items have now been returned or will be destroyed by the Federal Bureau of Investigation ("FBI") with the consent of Plaintiffs.  Therefore, this case is now moot and the Court should dismiss it.

II.  <u>THE FBI HAS RETURNED THE ITEMS PLAINTIFFS' SEEK</u>.

The FBI has returned items seized from the Property on three separate occasions.  On April 20, 2016, the FBI returned some items to Plaintiff Ian Freeman.  Declaration of Kendall McBrearty, attached as Exhibit A, ¶ 5.  In June 2020, the FBI returned several items to Travis Jared Park to resolve the case captioned *Park v. Bailey*, No. 1:19-cv-991-LM, U.S.D.C., D.N.H.  *Id.*  Finally, on November 28, 2023, FBI Special Agent Kendall McBrearty met Bonnie Freeman and Attorney Richard Guerriero at the FBI office in Bedford, New Hampshire to return all but

three of the remaining seized items.  Ex. A, ¶ 4.  The three seized items not returned have been identified by the FBI as potentially containing contraband.  *Id.*, ¶ 5.  Plaintiffs in this action have agreed to allow the FBI to destroy those final three items.  *Id.*

III.     PLAINTIFFS' CASE IS NOW MOOT.

"[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome."  *ACLU of Mass. V. U.S. conf. of Cath. Bishops*, 705 F.3d 44, 52 (1st Cir. 2013) (quoting *D.H.L. Assocs., Inc. v. O'Gorman*, 199 F.3d 50, 54 (1st Cir. 1999)).  When a court can no longer "give any 'effectual relief' to the potentially prevailing party," it must dismiss the case.  *Id.* (quoting *Horizon Bank and Tr. Co. v. Massachusetts*, 391 F.3d 48, 53 (1st Cir. 2004)).  "Unless an exception to the doctrine applies, to do otherwise would be to render an advisory opinion, which Article II prohibits."  *Pietrangelo v. Sununu*, 15 F.4th 103, 105 (1st Cir. 2021).

Here, the relief Plaintiffs seek is return of the items seized from the Property.  *See* DN 1.  They have obtained that relief.  Ex. A, ¶¶ 4-5.  There are no longer any live issues in this litigation, and this Court cannot afford Plaintiffs any effectual relief.  As such, the case is now moot, and the Court should dismiss it.

IV.     CONCLUSION.

As set forth above, this case is now moot.  The Court should therefore grant this motion and dismiss the case.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | JANE E. YOUNG<br>United States Attorney |
|  | By: /s/ Michael McCormack<br>Michael McCormack<br>Assistant U.S. Attorney, NH Bar No. 16470<br>United States Attorney's Office<br>53 Pleasant Street<br>Concord, NH  03301<br>(603) 225-1552 |
| Dated:  December 7, 2023 | michael.mccormack2@usdoj.gov |